| | |
|---|---|
| 1 | WRIGHT, FINLAY & ZAK, LLP |
| 2 | Cathy K. Robinson, Esq., SBN 226275 |
| 3 | 4665 MacArthur Court, Suite 200 |
|   | Newport Beach, CA 92660 |
| 4 | Tel. (949) 477-5050; Fax (949) 608-9142 |
| 5 | crobinson@wrightlegal.net |
| 6 | Mark J. Carpenter, Minn. #252189* |
| 7 | CARPENTER LAW FIRM PLLC |
|   | 7760 France Ave. S, Suite 700 |
| 8 | Bloomington, MN 55435 |
| 9 | Tel:  (952) 921-7340 |
|   | Email: mark@carpenter-law-firm.com |
| 10 | *application for *pro hac vice* admission |
| 11 | Forthcoming |

Attorneys for Defendant, ARK-LA-TEX FINANCIAL SERVICES, LLC D/B/A BENCHMARK MORTGAGE

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK, | Case No.:  8:22-cv-01491-JWH (ADSx) |
| Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| vs. | |
| ARK-LA-TEX FINANCIAL SERVICES, LLC D/B/A BENCHMARK MORTGAGE, | |
| Defendant. | Complaint filed: August 10, 2022 |

1

DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR A JURY TRIAL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that Defendant ARK-LA-TEX FINANCIAL SERVICES, LLC D/B/A BENCHMARK MORTGAGE ("Defendant"), hereby responds to the Complaint ("Complaint") of Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK ("Plaintiff") as follows:

## INTRODUCTION

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that it brokered mortgage loans for Washington Mutual Bank ("WaMu"). Defendant denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 1, and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

2. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

3. In response to the allegations contained in the first sentence of Paragraph 3 of the Complaint, Defendant denies knowledge and information sufficient to form a belief as to those allegations therefore denies the same and puts Plaintiff to its strictest burden of proof thereon. Defendant specifically denies the remaining allegations contained in Paragraph 3.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendant admits only that FDIC-R made demands upon it. Defendant specifically denies the remaining allegations contained in Paragraph 4.

## PARTIES, JURISDICTION, AND VENUE

5. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

8. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

## FACTUAL ALLEGATIONS

9. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that Ark-La-Tex and WaMu entered into the 2005 Mortgage Broker Agreement. Defendant denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Defendant states that any agreement between the parties speaks for itself. To the extent that a response is required, Defendant specifically denies the allegations.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendant admits that under the 2005 Mortgage Broker Agreement, it was to be compensated for loans funded by WaMu. Defendant denies knowledge and information sufficient to form a belief as to the remaining allegations

contained in Paragraph 13 and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

14.  In response to the allegations contained in Paragraph 14 of the Complaint, Defendant states that any agreement between the parties speaks for itself.  To the extent that a response is required, Defendant specifically denies the allegations.

15.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

16.  Defendant specifically denies the allegations contained in Paragraph 16 of the Complaint.  Paragraph 16 does not specify which "Agreement" it refers to.

17.  Defendant specifically denies the allegations contained in Paragraph 17 of the Complaint.

18.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

19.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

20.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

21.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

22.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

23. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

24. Defendant specifically denies the second sentence of the allegations contained in Paragraph 24 of the Complaint.  Defendant denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 24 and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

25. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

26. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

27. Defendant denies the second sentence of the allegations contained in Paragraph 27 of the Complaint.  Defendant denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 27 and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

28. In response to the allegations contained in the first sentence of Paragraph 28 of the Complaint, Defendant states that any agreement between the parties speaks for itself.  Defendant denies knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 28 and therefore denies the same and puts Plaintiff to its strictest burden of proof thereon.

29. Defendant specifically denies the allegations contained in Paragraph 29 of the Complaint.

///

///

///

# CLAIM FOR RELIEF
## (Contractual Indemnification)

30. In response to the allegations contained in Paragraph 30 of the Complaint, Defendant realleges all statements set forth in Paragraphs 1 through 29 above as though fully set forth herein.

31. Defendant specifically denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant specifically denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant specifically denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant specifically denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant specifically denies the allegations contained in Paragraph 35 of the Complaint.

## ADDITIONAL DEFENSES

### First Additional Defense

1. The Complaint fails to state a cause of action upon which relief can be granted in whole or in part.

### Second Additional Defense

2. Plaintiff's causes of action are barred by WaMu's own knowledge of the alleged breaches of representations and warranties.

### Third Additional Defense

3. To the extent Plaintiff may prevail in this action, which is denied, Defendant states that Plaintiff's recovery should be reduced or barred by the principles of comparative fault.

///

///

**Fourth Additional Defense**

4. The damages of which the Plaintiff complains were caused by or contributed to by the negligence, breach of contract, other fault, or other acts and omissions of WaMu and of persons other than Defendant.

**Fifth Additional Defense**

5. The causes of action of the Plaintiff may be barred, in whole or in part, by a failure to mitigate alleged damages.

**Sixth Additional Defense**

6. All or part of Plaintiff's causes of action may be barred by the applicable statute of limitations.

**Seventh Additional Defense**

7. All or part of Plaintiff's causes of action may be barred by the doctrines of estoppel, laches, and/or unclean hands.

**Eighth Additional Defense**

8. Plaintiff's causes of action are barred to the extent that the alleged defects in the loans at issue were not material, and WaMu would have funded and/or purchased the loans even if it had known of such alleged defects.

**Ninth Additional Defense**

9. Plaintiff's claims may be barred by the doctrine of assumption of risk.

**Tenth Additional Defense**

10. Plaintiff's causes of action may be barred in whole or in part because the person purporting to have executed the 2004 Broker Agreement on behalf of "Benchmark Mortgage of Louisiana" may not have had actual or apparent authority to enter into the agreement on behalf of Defendant.

**Eleventh Additional Defense**

11. Plaintiff's causes of action may be barred because Plaintiff has breached the implied covenant of good faith and fair dealing by filing this action

without having notified Defendant of any alleged breach before reaching a settlement with the RMBS Trustee.

### Twelfth Additional Defense

12. Plaintiff's causes of action may be barred in whole or in part by its failure to join indispensable parties.

### Thirteenth Additional Defense

13. Plaintiff's claims are barred because Plaintiff has not sustained any injury or damages as a consequence of Defendant's alleged breaches. To the extent Plaintiff has suffered any losses at all, such losses were caused by unforeseen circumstances, and/or superseding and intervening factors, including market forces, over which Defendant had no control.

### Fourteenth Additional Defense

14. Plaintiff may have waived its claims and/or be estopped from asserting its claims by, among other things, having learned of alleged contractual breaches through due diligence or other means, and doing nothing, to Defendant's prejudice and detriment.

### Fifteenth Additional Defense

15. Plaintiff's claims may be barred by the doctrine of judicial estoppel to the extent it (or WaMu) previously successfully prevailed in other proceedings, or obtained a more advantageous outcome, by taking factual or legal positions contrary to or inconsistent with those Plaintiff now advances.

### Sixteenth Additional Defense

16. Plaintiff's indemnification claims are barred in whole or in part because Plaintiff has failed to (i) demonstrate that Plaintiff was legally obligated to pay the third party the amounts Plaintiff claims it paid and (ii) demonstrate that in each instance payment was necessitated by Defendant's alleged breaches.

///
///

### Seventeenth Additional Defense

17. Defendant is entitled to recoupment of all attorney's fees and costs incurred in connection with this litigation as the prevailing party.

### Eighteenth Additional Defense

18. Defendant reserves the right to amend its Answer to include additional defenses that discovery and investigation may disclose as appropriate.

**WHEREFORE,** Defendant Ark-La-Tex Financial Services, LLC prays judgment that Plaintiff take nothing by the Complaint, and that Ark-La-Tex have and recover its costs, disbursements, and reasonable attorney's fees herein, and for such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Defendant hereby demands a trial by jury composed of the maximum number allowed by law on all issues.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: September 14, 2022     By: */s/Cathy K. Robinson*
Cathy K. Robinson, Esq.
Attorneys for Defendant,
ARK-LA-TEX FINANCIAL SERVICES, LLC D/B/A BENCHMARK MORTGAGE

# PROOF OF SERVICE

I, Iryna Brown, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On September 14, 2022, I served the within **DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR A JURY TRIAL**

on all interested parties in this action as follows:

[ ] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Paul Andrew Levin
Lauren M Gibbs
MORTGAGE RECOVERY LAW GROUP, LLP
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
Telephone: (818) 630-7900 Facsimile: (818) 630-7920
E-mail: plevin@themrlg.com, lgibbs@themrlg.com

John Stuart Tonkinson
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 Fairfax Avenue
Arlington, VA 22226
Telephone: (214) 673-7549
E-mail: jtonkinson@fdic.gov

[Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank]

10
DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR A JURY TRIAL

1  [X]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2022, at Newport Beach, California.

_____
Iryna Brown

---

11
DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR A JURY TRIAL